HARDY, Judge.
This is a suit by plaintiff against one of the members of an alleged commercial partnership in which he seeks to recover for money loaned to the partnership. By answer defendant denied any liability to plaintiff and asserted a reconventional demand for past due rent allegedly owed by plaintiff. After trial there was judgment in favor of defendant rejecting plaintiff’s demands and further judgment in favor of defendant on the reconventional demand in the sum of $320 as prayed. Rehearing was granted on motion of plaintiff, and the judgment on defendant’s reconventional demand was reduced to the sum of $170. From this judgment plaintiff has appealed.
Plaintiff alleged that on or about May 8, 1956, he loaned the sum of- $2,000 to a commercial partnership known as Regent Sales, doing business in the City of Shreveport; that the partners of this business enterprise were Daniel O. Pittser, the defendant herein, and Edward L. Coen, a nephew of plaintiff; that $1,000 of this alleged indebtedness was paid on or about July 18,, 1956; that during the existence of the partnership plaintiff also sold thereto a power lawn mower and a cash money box for a total price of $65; that plaintiff made an additional loan of $150 to the partnership; that plaintiff credited the asserted balance of the indebtedness with the sum of $320, representing eight months rental on office space at the rate of $40 per month; that the alleged commercial partnership was dissolved by mutual agreement between the partners, under the terms of which defendant specifically assumed payment of all outstanding debts. On the basis of these allegations plaintiff prayed for judgment in the principal sum of $895 against the named defendant and further prayed for reserva *106 tion of his rights against the other partner, Edward L. Coen.
Defendant answered plaintiff’s petition, categorically denying any obligation to plaintiff. In his answer defendant admitted dissolution of the partnership; alleged his acquisition of all the assets thereof and prayed for judgment against plaintiff by way of reconvention in the sum of $320, representing the amount owed by defendant for rental of office space. This defense was amplified and developed on trial. Specifically, defendant denies the existence of a partnership prior to August 27, 1956, and contends that the $2,000 loan asserted by plaintiff was made to plaintiff’s nephew, Edward L. Coen, individually, received by the said Edward L. Coen and used by him for the purchase and sale of furniture. While defendant admits his liability for the debts of the partnership, he denies that the $2,000 loan constitutes any such debt.
There appears to be little difference between the parties as to the minor items of plaintiff’s claim and the correctness of defendant’s assertion of his reconventional demand. It is conceded that the $150 loan by plaintiff was made to the partnership and that defendant is answerable therefor. It is also evident that plaintiff admitted liability for a total of $320 representing rent of office space, which amount unquestionably became an asset of the partnership. Plaintiff’s claim for a total of $65 representing the price of a power mower and a cash box was not established. It clearly appears from the testimony that these items were not sold to the partnership but were simply left with the partnership for resale.
The only serious question which remains, and with which we are concerned as the issue tendered on this appeal, relates to the validity of plaintiff’s contention as to the sum of $2,000 which he alleges and testifies was loaned on or about May 8, 1956, to the commercial partnership of which defendant was a member.
Plaintiff’s position is supported by the testimony of Edward L. Coen, who testified that he and the defendant became full partners sometime during the month of March, 1956; that the partnership existed at the time of the making of the loan by plaintiff, and that he and defendant shared equally in the proceeds of the sale of furniture which was purchased with the said money.
On the other hand, defendant testified that he became a full partner with Edward L. Coen on August 27, 1956, at which time he paid Coen the sum of $300, representing the purchase price of 51% interest in the debt-free business of Regent Sales. In these opposed positions and contradictory testimony must be found the solution of the issue presented.
The testimony of Edward L. Coen with reference to the $300 check is absolutely unsatisfactory and completely incredible. The witness first denied any knowledge of the check whatsoever, but, after a number of equivocal statements, finally receded in this denial and charged that at the time he received the check it was free of any notation of the purpose for which it was given, which he asserted must have been typed in upon the face of the check after it was returned by the bank. This charge was completely refuted by the production of a photostatic copy of the bank microfilm of the check which showed the memorandum thereon:
“51% interest Regent Sales debt-free business.”
We think it unnecessary to encumber this opinion with any further details of the testimony. It suffices to say that the record amply substantiates the conclusion that the partnership between defendant and Edward L. Coen did not come into existence until several months after the making of the loan which is the basis of this suit. It is equally clear that the loan was not advanced by plaintiff to the partnership and, further, that the defendant had no interest in nor obligation for the repayment of this sum.
Accordingly, the judgment appealed from is' affirmed at appellant’s cost.